IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    *v.*<br><br>JARED WHEAT,<br>JOHN BRANDON SCHOPP, AND<br>HI-TECH PHARMACEUTICALS, INC. | Criminal Action No.<br><br>1:17-CR-0229-AT-CMS |

## UNITED STATES' REPLY TO DEFENDANT JOHN BRANDON SCHOPP'S RESPONSE TO POTENTIAL ATTORNEY CONFLICTS

The United States of America, by Byung J. Pak, United States Attorney, and Steven D. Grimberg, Assistant United States Attorney for the Northern District of Georgia, submits this Reply to John Brandon Schopp's Response to the United States' Notice Regarding Potential Conflicts. (Doc. 60-1.)

The Government's initial Notice Regarding Potential Attorney Conflicts (doc. 46) identified two issues relating to Mr. Carl Lietz's representation of Defendant John Brandon Schopp in this case. First, Mr. Lietz previously represented an individual with initials T.E., who is likely to be a Government witness in this case. Second, Mr. Lietz previously represented co-defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc. After reviewing Schopp's Response, the Government agrees that both of these potential conflicts can be waived at this time, but urges the Court to conduct a Rule 44 hearing as to each of them.

A. <u>Mr. Lietz's Previous Representation of T.E.</u>

As the Government explained in its initial filing, T.E. is considered a subject in the pending criminal case styled *United States v. Beny Mesika and John Wesley Houser, IV*, Case Number 1:16-cr-00224-MHC-CMS. T.E. agreed to cooperate with the Government's investigation in the instant case relating to Jared Wheat and Hi-Tech and engaged in transactions that are the subject of charges in the indictment. Schopp is not currently charged with offenses related to T.E.'s transactions.

As a preliminary matter, the *Mesika* case and the instant case are "substantially related" for purposes of Georgia Rule of Professional Conduct 1.9, which regulates a lawyer's conflict of interest concerning former clients. As United States District Court Judge William S. Duffey, Jr. recently opined:

> For a matter to be substantially related, it "need only be akin to the present action in a way reasonable people would understand as important to the issues involved." *United States v. Delorme*, No. 07-20534-CR-SIMONTON, 2009 WL 33836, at *6 (S.D. Fla. Jan. 5, 2009) (quoting *In re Corrugated Container Antitrust Litig.*, 659 F.2d 1341, 1346 (11th Cir. 1981)). "Where parts of the present action and past representation concern the very same subject matter, reasonable minds must agree they are substantially related." *Corrugated Container*, 659 F.2d at 1346.

*United States v. Kight*, 2017 WL 4619024, *8 (N.D. Ga. Oct. 16, 2017).

Here, both matters concern the distribution of dietary supplements containing controlled substances, specifically anabolic steroids. T.E. owned and operated a nutrition retail store that sold dietary supplements to end-user consumers. With regard to the *Mesika* case, T.E. sold dietary supplements that contained anabolic

steroids to end-user consumers that were manufactured by the defendants and co-conspirators in that case. The products containing controlled substances that were distributed by T.E. were misbranded in that they did not disclose on the labeling that the products contained anabolic steroids.

Likewise here, in his role as a cooperating witness T.E. purchased dietary supplements from Hi-Tech that contained controlled substances, specifically anabolic steroids (as confirmed by subsequent testing). Contrary to Schopp's representation, T.E. advised the Government that he *did* have a preexisting relationship as a retailer of Hi-Tech-manufactured products.[1]

Although the Government characterized the *Mesika* matter and the instant matter as "unrelated" in its search warrant affidavits (because the matters arose from separate grand jury investigations with no overlapping defendants or conduct) and did not designate the *Mesika* matter and the instant matter as "related" for purposes of U.S. magistrate judge and district court judge assignments, the definition of "substantially related" under Georgia Rule of Professional Conduct 1.9 is much broader. Reasonable people would certainly agree that the two matters relate to the same subject matter, that is, the manufacturing and distribution of controlled substances, specifically anabolic steroids.

---

[1] Also contrary to Schopp's representation, T.E.'s agreement to cooperate with the Government was not limited to his cooperation in the *Mesika* matter. It is not at all unusual for Government cooperators to be utilized in multiple investigations, and T.E.'s informal agreement to cooperate with the Government was not limited otherwise.

Given that the two matters are substantially related, the Government asserts that a potential conflict exists between Mr. Lietz's previous representation of T.E. and his current representation of Schopp. This is true even though Schopp is not currently charged with the specific transactions involving T.E. and Hi-Tech, because Mr. Lietz may have information from his previous attorney-client relationship with T.E. that may be helpful to the defendants collectively in cross-examining T.E. as a government witness. As the Government raised in its initial filing, there is insufficient information known concerning any joint defense or other agreements that Mr. Lietz may have with his co-counsel. Should he decide not to cross-examine T.E when he testifies as a government witness, or should he decline to share information he learned during his representation of T.E. with his co-counsel, Mr. Lietz may be foregoing a cross-examination inquiry that would be directly or indirectly helpful to Schopp and his co-defendants. On the other hand, if Mr. Lietz engages in a thorough cross-examination of T.E. based on all the information known and available to him, or shares that information with his co-counsel for them to do so, he may be violating a confidence or privilege enjoyed by T.E.

The Government urges the Court to require both T.E. and Schopp to obtain the advice of independent counsel before conducting a Rule 44 hearing and accepting any waiver. The independent counsel should not be any attorney representing any defendant or witness in this case. In determining whether to accept any waiver, the Government urges the Court to inquire about the terms of any joint defense agreements, formal or informal, between Mr. Lietz and co-

counsel in this case, and how that may impact Mr. Lietz's decision to disclose or not disclose information he gathered during his representation of T.E. that could be helpful or detrimental to Schopp and/or his co-defendants.

B. <u>Mr. Lietz's Previous Representation of Jared Wheat and Hi-Tech</u>

The Government agrees with Schopp that a Rule 44 hearing should be held with regard to Mr. Lietz's previous representation of Jared Wheat and Hi-Tech. Again, the Government urges the Court to require each of the three defendants to obtain the advice of independent counsel before conducting a Rule 44 hearing and accepting any waiver. The independent counsel should not be any attorney representing any defendant or witness in this case. In determining whether to accept any waiver, the Government urges the Court to inquire about the nature of the financial arrangements between Schopp, Wheat and Hi-Tech, including whether Wheat or Hi-Tech has paid or is paying the legal fees of Mr. Lietz to represent Schopp.

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

December 14, 2017

/s/ STEVEN D. GRIMBERG
STEVEN D. GRIMBERG
*Assistant United States Attorney*